Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted two similar measures that I rejected due primarily to ambiguities in the text of your proposed amendments. See Op. Att'y Gen. Nos. 2000-239 and 2000-215. You have made revisions to your proposed amendment and now submit the following popular name and ballot title for my certification:
 Popular Name OPERATION OF CHARITY BINGO AND RAFFLES, AND 18% NET GAMING REVENUE TAX FROM CASINO GAMBLING OPERATED ON WATER VESSELS USED FOR STATE, COUNTY, CITY FUNDING AND PUBLIC INSTITUTES OF EDUCATION
 Ballot Title AN AMENDMENT PROVIDING NON-PROFIT ORGANIZATIONS INCORPORATED IN THE STATE OR REGISTERED TO DO BUSINESS IN THE STATE TO OPERATE BINGO AS THE RISKING OF MONEY ON A GAME PLAYED WITH CARDS HAVING NUMBERED SQUARES CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY BY COVERING THE NUMBERS IN ANY SUCH MANNER AS SHALL BE REQUESTED BY THE OPERATOR OF THE GAME, AND TO OPERATE RAFFLES AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE AS VOLUNTARY OPTIONS OF OPERATION BY NON PROFIT ORGANIZATIONS; PROVIDING FOR THE OPERATION OF GAMBLING AND GAMING DEVICES AS THE RISKING OF MONEY BETWEEN TWO OR MORE PERSONS ON A CHANCE WHERE ONE MUST BE LOSER AND THE OTHER GAINER WITH THE USE OF COMMONLY CALLED GAMING DEVICES AND GAMBLING TO INCLUDE ANY KIND OF ROULETTE WHEEL, SLOT MACHINES OF ANY KIND, GAMING TABLES OF ANY KIND FOR THE USE OF CARDS USED IN ANY MANNER, GAMING TABLES OF ANY KIND FOR THE USE OF DICE USED IN ANY MANNER AS A VOLUNTARY OPTION TO OPERATE ANY ONE OR MORE OR ALL OF THE AFOREMENTIONED GAMING DEVICES AND GAMBLING ON WATER VESSELS ONLY ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE BY BARRY LEE EMIGH, AS A SOLE PROPRIETORSHIP, UNDER THE ASSUMED BUSINESS NAME OF THE "ARKANSAS CASINO SHIP LINE"; EXEMPTING THE ASSUMED BUSINESS NAME OF THE "ARKANSAS CASINO SHIP LINE" OPERATED AS A SOLE PROPRIETORSHIP BY BARRY LEE EMIGH FROM THE PROVISIONS OF A.C.A. §§ 4-70-201 TO -206; PROVIDING NO RESTRICTION ON THE TIME OR DAYS FOR OPERATING GAMBLING AND GAMING DEVICES ON WATER VESSELS OPERATED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE "ARKANSAS CASINO SHIP LINE"; PROVIDING FOR THE SALE AND COMPLIMENTARY SERVICE OF ALCOHOLIC BEVERAGES DURING THE OPERATING TIME OF GAMBLING AND GAMING DEVICES ON WATER VESSELS OPERATED ONLY ON NAVIGABLE WATER WAYS AND PUBLIC LAKES BY THE "ARKANSAS CASINO SHIP LINE"; PROVIDING NO LICENSES OR FEES SHALL BE REQUIRED BY THE STATE, OR ANY SUBDIVISION THEREOF, TO OPERATE GAMBLING AND GAMING DEVICES ON ANY WATER VESSEL ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE BY THE" ARKANSAS CASINO SHIP LINE"; PROVIDING FOR NO LICENSES OR FEES SHALL BE REQUIRED BY THE STATE, OR ANY SUBDIVISION THEREOF, TO SELL OR SERVE COMPLIMENTARY ALCOHOLIC BEVERAGES DURING THE OPERATION OF GAMBLING AND GAMING DEVICES ON ANY WATER VESSEL ON NAVIGABLE WATER WAYS AND PUBLIC LAKES WITHIN THE STATE BY THE "ARKANSAS CASINO SHIP LINE"; PROVIDING FOR THE LEGAL SHIPMENT OF GAMBLING DEVICES ONTO A WATER VESSEL WITHIN A COUNTY OF THE STATE BY THE "ARKANSAS CASINO SHIP LINE"; PROVIDING NO PERSON UNDER THE AGE OF 21 SHALL PARTICIPATE IN CASINO GAMING ON ANY WATER VESSEL OPERATED ON NAVIGABLE WATER WAYS AND PUBLIC LAKES OPERATED BY THE "ARKANSAS CASINO SHIP LINE" WITHIN THE STATE; PROVIDING THE OPERATION OF GAMBLING AND GAMING DEVICES BY BARRY LEE EMIGH AS THE SOLE PROPRIETOR OF THE "ARKANSAS CASINO SHIP LINE" TO BE TRANSFERABLE TO SAID PERSON'S HEIRS, AND THEIR HEIRS AND SO ON, AS AN INHERITANCE WITHOUT TAXATION OF AN INHERITANCE BY THE STATE; PROVIDING ANY TRANSFER IN PART, OR AS A WHOLE, OF THE OPERATION OF GAMBLING AND GAMING DEVICES BY BARRY LEE EMIGH AS THE SOLE PROPRIETOR OF THE "ARKANSAS CASINO SHIP LINE" TO ANYONE OTHER THAN HIS HEIRS, AND THEIR HEIRS AND SO ON, SHALL BE APPROVED BY A MAJORITY VOTE OF BOTH HOUSES OF THE GENERAL ASSEMBLY; PROVIDING NO PROPERTY TAXES, ASSESSMENTS OR FEES ON ANY WATER VESSEL AND CONTENTS WITHIN ANY WATER VESSEL USED FOR GAMBLING PURPOSES BY THE "ARKANSAS CASINO SHIP LINE"; PROVIDING NO OTHER INCOME TAX ON THE GROSS AND NET GAMING INCOME OF GAMBLING BY THE STATE OTHER THAN THOSE SPECIFIED HEREIN; PROVIDING AN 18% PERCENT TAX ON THE TOTAL NET GAMING REVENUE SHALL BE PAID BY THE "ARKANSAS CASINO SHIP LINE" TO THE DEPARTMENT OF FINANCE AND ADMINISTRATION ON THE FIRST TUESDAY OF NOVEMBER OF EACH YEAR TO BE ALLOCATED AS FOLLOW: 8% OF THE TOTAL NET GAMING REVENUE TAX SHALL BE PAID TO THE STATE, 6% OF THE NET GAMING REVENUE TAX SHALL BE PAID TO THE COUNTY'S GENERAL FUND FROM ANY VESSEL OPERATING GAMBLING AND GAMBLING DEVICES WITHIN THAT COUNTY AND DIVIDED EQUALLY FROM THOSE WATER VESSELS OPERATING GAMBLING WITHIN THE CITY LIMIT OF A CITY TO BE PAID TO THE CITY'S AND COUNTY'S GENERAL FUNDS; 16% OF THE NET GAMING REVENUE TAX SHALL BE DIVIDED EQUALLY AND PAID TO THE COUNTY'S GENERAL FUND OF THOSE COUNTIES NOT HAVING A GAMBLING OPERATION ON ANY WATER VESSEL OPERATED BY THE "ARKANSAS CASINO SHIP LINE" WITHIN THOSE COUNTIES; 70% OF THE NET GAMING REVENUE TAX SHALL BE DIVIDED BY THE PREVIOUS YEAR'S NUMBER OF STUDENTS ATTENDING ANY PUBLICLY FUNDED INSTITUTE OF EDUCATION IN THE STATE AND DISTRIBUTED TO EACH INSTITUTE BASED UPON THE NUMBER OF STUDENTS ENROLLED IN THAT INSTITUTE FORM THE PREVIOUS YEAR; PROVIDING FOR THE ANNUAL AUDITING OF THE "ARKANSAS CASINO SHIP LINE" BOOKS, RECORDS, AND FINANCIAL AFFAIRS BY THE STATE AUDITOR; PROVIDING THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities and misleading tendencies in the text of your proposed measure. The popular name is, moreover, misleading in my view. A number of additions or changes to your ballot title are, I believe, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following problems:
 1. The term "Charity Bingo and Raffles" (emphasis added) in your proposed popular name is misleading because according to the text of your measure, "any non-profit organization" is permitted to operate bingo and raffles. See Section One (1) of the proposed measure. Because the operations are apparently not limited to charitable organizations, your popular name lends partisan coloring to the merit of the proposal. See discussion above (regarding the sufficiency of a popular name).
 2. Although you have made several changes in the text of your measure involving the assumed business name of "Arkansas Casino Ship Line," it is my opinion that the modifications do not resolve the ambiguity or misleading tendencies concerning the proposed gambling operations. The text and ballot title continue to give the impression that there is some separate entity that will conduct the authorized operations, pay the required tax, and be exempt from any other fee, license, tax or assessment. In reality, however, you will have exclusive rights in this regard. Although your text makes this somewhat more clear than your previous submissions, I believe the "Taxation" section (Section Five (5)) is still problematic because it implies that "Arkansas Casino Ship Line" is a taxable entity. To the contrary, you are the one who will be taxed and it is your individual income that will be exempt from any other tax. The language of the current text, and thus necessarily the ballot title, mislead the voter by placing the emphasis upon the" Arkansas Casino Ship Line." As I have stated previously, (see Op. Att'y Gen. 2000-239), the precise identity of the entity or individual who will have exclusive rights under this constitutional amendment must be very clear from the language of the amendment. Otherwise, if the text is confusing in this regard, any effort to summarize the measure in a ballot title will inevitably fail.
 3. Section Two (2) of your proposed amendment exempts the assumed business name of "Arkansas Casino Ship Line" from the provisions of A.C.A. §§ 4-70-201 through -206, which are aimed at preventing persons from doing business under an assumed name unless they have filed the requisite certificate. See A.C.A. § 4-70-203. Again, the emphasis upon this business name is ambiguous and misleading. In fact, you are the one who will be in a unique position as the only person who does not have to follow this certificate process in order to do business under an assumed name. This, in my view, must be made abundantly clear in the text as well as the ballot title so that the voter can fully appreciate the issues presented.
 4. Section Three (3) of your proposed measure states that no one under the age of 21 may participate in "casino gaming on any vessel . . . operated by the `Arkansas Casino Ship Line.' This language suggests that the vessel will be operated by the Arkansas Casino Ship Line (again, note the emphasis upon the assumed business name), whereas there is no similar implication elsewhere in the text. To the contrary, a comparison with other sections indicates that while you, under this assumed name, may operate gambling on water vessels on navigable water ways and public lakes, the vessels themselves may be operated by anyone. This is confusing and should be clarified for proper reflection in the ballot title.
 5. Section Five (5) provides for an 18% tax on the "net gaming revenues," but does not define this term. The absence of a definition could give rise to questions and disputes as what precise revenues are being taxed. An ambiguity also arises under this Section due to the absence of any reference to taxation on revenues" from each water vessel." Compare proposed measure at issue in Op. Att'y Gen. 2000-239. While the deletion of this language is apparent, your proposed ballot title states that "6% of the net gaming revenue tax shall be paid to the county's general fund from any vessel operating gambling . . . and divided equally from those water vessels operating gambling within the city limit. . . ." (Emphasis added.) This language is confusing in light of the textual change and should be clarified to avoid a misleading ballot title.
 6. Section Five (5) is also misleading to the extent it gives the voter the impression that the amendment will provide exemption from federal taxation. The ballot title continues this misleading tendency, and should be corrected to accurately reflect the amendment's effect.
 7. The assumed business name of "Arkansas Casino Ship Line" may also be a source of confusion or ambiguity because it suggests that the authorized gambling activities will occur on a particular type of water vessel, i.e., a ship. The text of your proposed measure, on the other hand, contains no such limitation or suggestion. The assumed name may therefore have an inherent tendency to mislead the voter. I am uncertain whether this confusion or misleading tendency can be corrected in a ballot title. My duty is to direct your attention to the fact that according to Arkansas case law, a ballot title will be invalidated if terminology in the text obscures the actual nature of the proposal. See, e.g., Christian Civic Action Committee v. McCuen, supra.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. ___ (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General